IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATRINA CARR                                                               PLAINTIFF

v.                  Civil No. 04-5296

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                  DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Katrina Carr brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural and Factual Background**

The plaintiff filed her application for DIB on August 8, 2002[1] (Tr. 91), alleging an onset date of September 17, 2001. (Tr.90-91.) Plaintiff alleges that she is disabled due to firbromyalgia, bilateral carpal tunnel syndrome, and depression. (Tr. 22.) Plaintiff is eligible for DIB through December 2006. (Tr. 104.) The application was initially denied and that denial was upheld upon reconsideration. (Tr. 66-75.) Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 76.)

---

[1] The ALJ's decision and the disability determination indicates that the initial filing date is September 9, 2002. (Tr. 22, 66.)

On November 19, 2003, a hearing was held by the ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 36.) The ALJ issued an unfavorable ruling on February 24, 2004, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 19-31.) The plaintiff then requested a review of the hearing by the Appeals Council (Tr. 11), and submitted along with that request additional evidence she claims was new and material (Tr. 292-319). After considering the new evidence, the Appeals Council denied plaintiff's request for review on October 5, 2004 (Tr. 4-8); thus, the ALJ's decision became the final action of the Commissioner. The plaintiff filed her complaint with this court on December 6, 2004, seeking judicial review of that decision. (Doc. 1.) Both parties have filed appeal briefs with the court. (Docs. 5-6.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 2.)

Plaintiff was 48 years of age at the time of the administrative hearing and has a high school education and completed a 13-week pharmacy tech program. (Tr. 40-41.) She has worked in the past as an office manager for a medical MRI office for 2 to 2 ½ years. Prior to that, she worked as a receptionist in a medical office. For a few months, plaintiff worked as a pharmacy tech. (Tr. 41-46.) In her most recent job as an officer manager, plaintiff scheduled patients, handled MRI films, completed various paperwork, and supervised two other workers. (Tr. 43.)

Plaintiff worked until her first surgery for the bilateral carpal tunnel syndrome on her right wrist in September 2001. (Tr. 46, 154-55.) Surgery on her left wrist was performed on December 11, 2001. (Tr. 46, 144-45.) In 2002, plaintiff was diagnosed with fibromyalgia. (Tr. 186-87, 216, 224, 234-36, 254.) As early as July 2002, she was diagnosed by a physician as

suffering from clinical depression. (Tr. 216-18.) Upon meeting for individual therapy at the Ozark Guidance Center in June 2003, plaintiff decided to have her primary care physician continue her medication for depression. (Tr. 265-68.)

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council. See *Jenkins v. Apfel,* 196 F.3d 922, 924 (8th Cir.1999) (citing *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir.1994)). Thus, in situations such as the present, this court's role is to determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *Riley v.*

*Shalala,* 18 F.3d at 622. In practice, this requires a decision as to how the ALJ would have weighed the new evidence had it existed at the initial hearing. *See id.* As the United States Court of Appeals for the Eighth Circuit has often noted, "this [is] a peculiar task for a reviewing court." *Id.* Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision. *See Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only

AO72A
(Rev. 8/82)

if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion**

Plaintiff argues that the ALJ erred (1) in not finding her disabled when she was off of work for over a year due to the carpal tunnel surgeries and fibromyalgia, (2) in failing to properly address the severity of her fibromyalgia, (3) in failing to properly assess the medical opinions of plaintiff's primary treating internal medicine specialist, (4) in failing to fully develop the record concerning plaintiff's allegations of disabling depression, and (5) in discounting plaintiff's testimony. (Doc. 5.) In response, the government argues the ALJ properly considered (1) plaintiff's alleged medical conditions in determining that she was not disabled, (2) plaintiff's allegations of fibromyalgia, (3) the medical opinions of plaintiff's various treating physicians, (4) all pertinent relevant evidence in the file and was not required to develop the record further, and (5) plaintiff's subjective complaints in determining that plaintiff was less than fully credible. (Doc. 6.)

After the ALJ rendered his decision, plaintiff presented additional evidence to the Appeals Council. This evidence included clinical records and a narrative from Dr. Thomas W. Atkinson, the plaintiff's internal medicine physician (Tr. 304-307), a Mental Status Evaluation conducted on April 1, 2004 by Dr. Richard Back, a Clinical Neuropsychologist (Tr. 308-317), and a letter from the plaintiff addressing some of the misstatements and inaccuracies in the ALJ's decision (Tr. 303). The plaintiff also submitted an updated treatment plan from the Ozark Guidance Center. (Tr. 318-319.)

According to 20 C.F.R. § 404.970(b):

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

Thus, the Appeals Council *must* consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Box v. Shalala,* 52 F.3d 168, 171 (8th Cir.1995) (*quoting Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir.1990)). To be "new," evidence must be more than merely cumulative of other evidence in the record. *See Williams v. Sullivan,* 905 F.2d at 216 (concluding that psychiatrist's report was new because it was not merely cumulative but instead presented more specific findings and conclusions). To be "material," the evidence must be relevant to claimant's condition for the time period for which benefits were denied. *See id.* Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application); *Williams v. Sullivan,* 905 F.2d at 216 (finding that despite failure to identify onset date, doctor's report was material because it provided sufficient basis to conclude it related to the relevant time). Further, there must be a reasonable likelihood that it would have changed the determination. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1025 (8th Cir.2002).

AO72A
(Rev. 8/82)

In the instant matter, the ALJ states in his decision:

> While a review of the medical record reflects that the claimant's treating physicians have prescribed psychotropic medication at times, it does not appear that the claimant has been diagnosed with clinical depression or that she has ever even been evaluated by a psychiatrist or psychologist. In fact, it does not appear that the claimant even sought any mental health treatment at all until June 3, 2003 . . . . [W]hile the claimant has been seen on a couple of occasions by a licensed social worker at OGC, it does not appear that she was even examined by a psychiatrist or psychologist or that a mental health professional has prescribed her anti-depressant medication. . . . The evidence as a whole reveals that the claimant experiences no restriction of her activities of daily living, mild difficulties in maintaining social functioning and no difficulties in maintaining concentration, persistence or pace and that she has experienced no repeated episodes of decompensation of extended duration. . . . Therefore, it does not appear that the claimant has a severe mental impairment.

(Tr. 24.)

First, the ALJ's statement that plaintiff has not been diagnosed with clinical depression is inaccurate. Plaintiff was diagnosed with "clinical depression" by Dr. Roger Troxel in July 2002. (Tr. 216.) Further, the ALJ's determination that plaintiff does not suffer a severe mental impairment due to clinical depression is belied by the supplemented record. According to Dr. Back's assessment, plaintiff is "markedly limited" in her abilities to (1) maintain attention and concentration for extended periods, (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, (3) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, (4) accept instructions and respond appropriately to criticism from supervisors, and (5) set realistic goals or make plans independently of others. Dr. Back determined that plaintiff was moderately

limited in her abilities to (1) understand and remember detailed instructions, (2) carry out detailed instructions, (3) sustain an ordinary routine without special instructions, (4) make simple work-related decisions, (5) get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and (6) to respond appropriately to changes in the work setting. (Tr. 309-311.) Dr. Back determined that plaintiff was suffering from Major Depression which was recurrent and severe. He further notes that there was no evidence of exaggeration or malingering. (Tr. 316-317.)

These records were not before the ALJ at the time he rendered his decision. While the examination by Dr. Back occurred in April 2004, after the ALJ issued his decision in February 2004, the record before the ALJ contains numerous allegations of depression going back as far as July 2002, when a treating physician diagnosed plaintiff with clinical depression. (Tr. 216-18.) It is reasonable that Dr. Back's assessment of plaintiff's mental functions relates to the period on or before the ALJ's decision. Thus, the ALJ's determination that plaintiff does not suffer from a severe mental impairment is not supported by substantial evidence of record, in light of the additional evidence submitted to and considered by the Appeals Council. For this reason, this matter must be remanded for proper analysis of all of the evidence pertaining to plaintiff's alleged mental impairments. The undersigned finds there is a reasonable likelihood that the additional evidence would have changed the ALJ's determination. *See Krogmeier v. Barnhart*, 294 F.3d at 1025.

Also, the ALJ states in his opinion

The undersigned has also considered the opinion of Dr. Atkinson found at Exhibit 17F. However, the doctor apparently relief [sic] quite heavily on the subjective report of symptoms and limitations provided by the claimant and

-8-

seemed to uncritically accept as true, most, if not all, what the claimant reported. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patients' requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departments [sic] substantially from the rest of the evidence of record, as in the current case.

(Tr. 29-30.)

Dr. Atkinson has been one of plaintiff's treating physicians since December 2002 (Tr. 254), and he supplied a Medical Source Statement of Ability to do Work-Related Activities (Physical) in September 2003, in which he states that plaintiff could only occasionally lift and/or carry less than 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk less than 2 hours of an 8-hour workday, sit less than about 6 hours of an 8-hour workday, and is limited in her abilities to push and/or pull in both her upper and lower extremities. He also notes that plaintiff could not climb, balance, kneel, crouch, or crawl, and that she is limited in her abilities to reach in all directions, in her fine and gross manipulation, and in her abilities to feel. Dr. Atkinson further states that plaintiff had consistently greater than 11 of 18 trigger points for fibromyalgia. (Tr. 261-263.) In a letter to plaintiff's attorney, Dr. Atkinson states, "Due to the return of the fibromyalgia and the progression of the carpal tunnel, Ms. Carr is disabled totally at this time. Her return to the work force is undetermined. I am unable to foresee a time that she will be able to work a full workday." (Tr. 286-287.)

In a letter submitted to plaintiff's attorney after the ALJ's decision, Dr. Atkinson states that the diagnosis of fibromyalgia is agreed upon by Dr. James Norys, who has also examined the plaintiff. Dr. Atkinson opines that plaintiff would have "multiple days during the month with

flareups from the fibromyalgia and chronic fatigue where she would be unable to perform any types of activities." According to Dr. Atkinson, plaintiff was then taking Remeron and Hydrocodone, which interfere with concentration and attention. Dr. Atkinson concludes by stating, "I would again state that based upon physical examination findings the restrictions and limitations that I assessed on September 10, 2003 would still be applicable and are based on objective physical findings from physical examinations of Ms. Carr since December 19, 2002." (Tr. 304-305.)

Under the Commissioner's regulations, a treating physician's opinion is given "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2). Accordingly, an ALJ should "give good reasons" for discounting a treating physician's opinion. *Dolph v. Barnhart*, 308 F.3d 876, 878-879 (8th Cir.2002).

The treating physician rule is premised, at least in part, on the notion that the treating physician is usually more familiar with the plaintiff's medical condition than are other physicians. *Thomas v. Sullivan*, 928 F.2d 255, 259 n. 3 (8th Cir.1991); *see* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). Generally, more weight is given to the opinion of a specialist about medical issues related to the area of the specialty than to the opinion of a source who is not a specialist. 20 C.F.R. §§ 404.1527(d)(5); 416.927(d)(5); *see Hinchey v. Shalala*, 29 F.3d 428 (8th Cir.1994).

Dr. Atkinson is a specialist in internal medicine who treated plaintiff for almost a year before her hearing before the ALJ. The ALJ discounts the medical opinions of this physician because of the ALJ's unsubstantiated conclusion that the plaintiff coerced or convinced Dr.

Atkinson to provide the opinions he did. The ALJ then concludes, without any substantive analysis, that Dr. Atkinson's medical opinions "departments [sic] substantially from the rest of the evidence of record." Upon review of the record, there are numerous instances in which the plaintiff's physical complaints are addressed and support Dr. Atkinson's opinions of her condition. Further, Dr. Atkinson indicates that another physician, Dr. James Norys, has examined the plaintiff and agrees with Dr. Atkinson's opinions. The ALJ has not provided "good reasons" for discounting Dr. Atkinson's opinions.

## Conclusion:

Accordingly, the ALJ's decision, denying DIB to the plaintiff, is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for consideration of the evidence submitted to and considered by the Appeals Council, which was not before the ALJ when he rendered his decision, and for proper consideration of the opinions of plaintiff's treating physician, or adequate explanation as to why said opinions and findings are discounted. In light of this decision, other issues raised by the plaintiff are not reached.

DATED this 28th day of February 2006.

/s/ Beverly Stites Jones
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)